| iSCHOTT, Chief Judge,
dissenting.
The majority opinion assumes that the trial court suppressed only the evidence found after the consent to search was signed. In its application for writs the State assumes that all evidence was suppressed, namely, the gun and the first bag of heroin, seized prior to the signing of the consent form, as well as the second bag of heroin and the currency. In any event, I would reverse the judgment of the trial court and deny defendant’s motion to suppress as to all the evidence.
As to the first bag and the gun, the police officer approached the defendant in front of this double, 627-629, because he matched the description of the person given in the complaint as being armed and entering 627. No sooner had the officer displayed his badge to the defendant and identified himself as a police officer when defendant struck the officer starting the struggle during which defendant and the officer fell into the living room of 629. During that struggle, defendant threw down the first bag of heroin and at the end of the struggle the officer found the gun on his person.
The trial judge did not comment on this evidence. He did not reject the credibility of the officer’s testimony concerning the first bag and the gun. All of his comments concerned the subsequent consent to search the residence. Consequently, the record establishes that defendant made an improvoked attack on the officer who did no more than identify himself. There was no legal basis to suppress the first bag and the gun.
_JjThe fight spilled over into 629 where defendant’s mother lived. Defendant identified her as his mother and said she was the owner of the premises. At this point the officers were surely going to obtain a search warrant for 629. There was nothing at this point to connect defendant with 627 even though, after the fact, defendant’s fiancee was identified as the resident of 627.
I submit that the officers could have obtained a search warrant and waited with defendant’s mother until the warrant was issued. Perhaps they should have done this and not attempt to obtain the mother’s consent. But the second bag and the currency were going to be found and seized pursuant to the warrant. Consequently, if the consent was tainted, the doctrine of inevitable discovery applies and the second bag and currency are admissible like the first bag and the gun.
The trial court committed error in suppressing the evidence. This court should reverse the judgment of the trial court.